UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

LUIS TERAN,

        Plaintiff,                                          Case No. 1:10-CV-846

-vs-                                                        HON. GORDON J. QUIST

ROBERT SERBLOWSKI, and
TRAPPERS TRANSPORT, LTD.,

        Defendants.
_____/

## **OPINION**

Plaintiff, Luis Teran, filed his complaint in this case on or about July 14, 2010, in the Berrien County Circuit Court against Defendants, Robert Serblowski and Trappers Transport. In his complaint, Teran alleged that he "was a citizen of the United States and a resident of Chicago, Illinois, County of Cook." (Compl. ¶ 1.) On August 25, 2010, Defendants removed the case to this Court alleging diversity of citizenship under 28 U.S.C. § 1332(a) as the basis for this Court's jurisdiction. Citing Teran's allegation in the complaint, Defendants noted that diversity existed because Teran is a citizen of the United States residing in Illinois and Defendants are residents of Canada.

Following removal, Teran retained new counsel who, after conferring with Teran in Spanish, asserted that this Court lacks jurisdiction because contrary to the allegations in the complaint, Teran is a citizen of Ecuador rather than the United States and the suit is between citizens of foreign states. Although Teran's counsel furnished documents to Defendants and the Court supporting this assertion, he did not file a motion to remand or move for leave to amend his complaint to allege that he was a citizen of Ecuador. At the October 22, 2010, Rule 16 conference, the Court considered

Teran's objection to jurisdiction and ordered the parties to depose Teran on or before December 22, 2010, relative to his assertion that he is a citizen of Ecuador. The Court further ordered Teran to file by December 22, 2010, either a motion or stipulation to remand the case to state court or a stipulation showing that the Court has jurisdiction.

On December 22, 2010, Teran filed a motion to remand on the basis that he is citizen of Ecuador. On December 29, 2010, Teran filed a motion for leave to amend his complaint to assert that he is a citizen of Ecuador. Defendants have responded to both motions, stating that they consent to Teran being allowed to amend his complaint to allege that he is an Ecuadorian citizen, but they oppose the motion to remand. For the reasons set forth below, the Court will grant both motions and remand the case.

As noted above, Defendants do not oppose Teran's motion to remand, although they state that they "do not stipulate to any of the alleged facts or conclusions contained in the proposed Amended Complaint, Motion or Brief." (Defs.' Answer to Pl.'s Mot. for Leave to Amend ¶ 2.) Granting Teran's motion to amend will essentially resolve the motion to remand, as the amended complaint will show on its face that the Court lacks subject matter jurisdiction. Even so, given the nature of the jurisdictional dispute, the Court will address the merits of Teran's motion to remand.

Federal courts' diversity jurisdiction is governed, in part, by 28 U.S.C. § 1332(a), which provides:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

> For the purposes of this section, section 1335, and section 1441, an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled.

28 U.S.C. § 1332(a). Where there are foreigners on both sides of a lawsuit, there is no basis for subject matter jurisdiction under § 1332(a). *U.S. Motors v. Gen. Motors Europe*, 551 F.3d 420, 423 (6th Cir. 2008).

According to Teran, through his immigration lawyer, he initially retained an Illinois attorney, Cannon Lambert, to handle his personal injury lawsuit arising out of the automobile accident involving Defendants. (Lambert Aff. ¶ 4.) Because the accident occurred in Berrien County, Michigan, Mr. Lambert contacted Michigan attorney Thomas Swisher about filing a complaint in Berrien County Circuit Court. (*Id.* ¶ 6; Swisher Aff. ¶¶ 6, 7.) After Mr. Swisher agreed to file the complaint, Mr. Lambert sent him a draft complaint alleging that Teran was a citizen of the United States. (Lambert Aff. ¶¶ 7, 8.) This allegation was based on the police report, which reflected that Teran had an Illinois driver's license and a Chicago address. Mr. Lambert did not conduct any legal research regarding whether a non-citizen could obtain an Illinois driver's license, and because he does not speak Spanish, he apparently did not interview Teran. (*Id.* ¶¶ 9, 10.) When Mr. Swisher received the draft complaint, he assumed that Teran was a citizen of the United States based upon the police report. In addition, he was not particularly concerned with Teran's citizenship because it was not relevant to the state court's jurisdiction. (Swisher Aff. ¶¶ 9, 10.) Mr. Swisher and Teran have never met or spoken. (*Id.* ¶ 11; Teran Aff. ¶ 20.) In fact, Teran had never seen or read any part of the complaint before Mr. Swisher filed it. (*Id.*)

Following the removal, Teran retained his present counsel, who speaks Spanish. When Teran spoke to his present counsel, he informed his counsel that he has always been a citizen of Ecuador and that the statement in the complaint that he is a citizen of the United States is incorrect.

3

(*Id.* ¶¶ 17, 19.)  Teran was issued a passport by the government of Ecuador on February 4, 2005. (*Id.* ¶ 9; Pl.'s Br. Supp. Mot. Remand Ex. 2.)  He does not live or work permanently in the United States, has never applied for or been granted legal permanent status, and does not have, nor has he ever applied for, a permanent resident card (a "green card"). (Teran Aff. ¶ 10.)  In order to visit the United States, Teran obtained a United States B1/B2 temporary visitor visa that was issued on March 13, 2006, and expired on January 29, 2011. (*Id.* ¶ 12; Pl.'s Br. Supp. Mot. Remand Ex. 3.) The temporary visa shows Teran's home country as Ecuador.  Under his temporary visa, Teran must obtain permission from the United States to visit for short periods of time.  Most recently, he obtained approval to visit the United States from May 16, 2010, to November 15, 2010. (Teran Aff. ¶ 13; Pl.'s Br. Supp. Mot. Remand Ex. 4.)

In its November 15, 2010, Order Denying Plaintiff's Motion to Modify Case Management Order, the Court noted that Teran's allegations in his complaint regarding his citizenship are binding on Teran, subject to Teran filing a motion to remand or motion to amend his complaint showing that the facts alleged in the complaint are inaccurate.  Teran has filed such a motion and supported it with substantial evidence showing that he is, in fact, a citizen of Ecuador and not a citizen of the United States.

"The party that removed the case to federal court bears the burden of establishing federal subject matter jurisdiction." *Vill. of Oakwood v. State Bank & Trust Co.*, 539 F.3d 373, 377 (6th Cir. 2008) (citing *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996). Although Teran has no burden to show lack of jurisdiction, Teran has presented ample evidence to support his assertion that he is a citizen of Ecuador and not the United States. This evidence includes his passport showing his nationality as Ecuadorian, his United States temporary visitors visa, the Approval Notice from the Department of Homeland Security approving his temporary visit to the

4

United States from May 16, 2010, to November 15, 2010, and his affidavit establishing the fact of his citizenship. In addition, Teran's evidence shows that the allegation in his complaint that he is a citizen of the United States was made in error by counsel who assumed without inquiring of Teran that Teran actually was a citizen of the United States. Thus, Teran has shown good cause for relieving him of his erroneous statements regarding his citizenship.

In response to Teran's motion, Defendants point out that Teran has admitted to spending "much time" in the United States in the last 15 years, being employed in the United States, and applying for and renewing an Illinois drivers license. Defendants suggest that this evidence shows an intention to be a permanent resident. Defendants fail to point out any authority establishing that Teran could be considered a permanent resident under these circumstances. Teran has established that he does not possess, and has never sought, permanent resident status (a green card). Thus, the 1988 amendment to § 1332, quoted above, regarding aliens who have been granted permanent residence status, cannot apply to Teran. *See Mejia v. Barile*, 485 F. Supp. 2d 364, 366 (S.D.N.Y. 2007) (noting that "courts have consistently construed [the 1988 amendment] as applying only to those aliens who have been formally granted permanent residence within this country").

Defendants also argue that the Court should defer ruling on Teran's motion to remand pending its receipt of records of the Department of Homeland Security (formerly the Immigration and Naturalization Service), which may have some bearing on Teran's status as a permanent resident alien. The Court declines to do so. Teran has produced substantial evidence showing that he is a citizen of Ecuador, and Defendants have not presented any evidence even hinting at the possibility that Teran may have been granted permanent resident status. Thus, there is no reason to conclude that the requested records will show anything other than that Teran is a citizen of Ecuador. Moreover, even if Teran were a permanent resident alien, diversity would still be lacking because

in enacting the 1988 amendment Congress did not intend to expand the scope of federal court jurisdiction to allow suits between two aliens:

> As the legislative record of the 1988 amendment reveals, the intent of Congress in amending the diversity statute was to "eliminate the ability of permanent resident aliens to sue in federal court on all manner of claims using the alienage jurisdiction, when the case was more properly viewed as a local matter analogous to a case between citizens of the same state."

*Thompson v. Deloitte & Touche LLP*, 503 F. Supp. 2d 1118, 1128 (S.D. Iowa 2007) (quoting *Karazanos v. Madison Two Assocs.*, 147 F.3d 624, 627 (7th Cir. 1998)).

Finally, Defendants argue that the Court should award them their attorney fees and costs incurred in the removal if it grants Teran's motion to remand. This argument borders on the frivolous. Teran has shown that the allegation that prompted the removal was a mistake that his counsel made in relying on the documents generated from the accident at issue. Moreover, as Teran points out, almost immediately after the removal, his counsel provided Defendants with many of the same documents Teran submitted in support of his motion to remand. While the Court allowed limited discovery on the issue of Teran's citizenship, it did so because Defendants disputed Teran's evidence. Defendants could have avoided the additional costs they incurred following the removal by stipulating to a remand. Teran cannot be faulted for trying to correct the mistakes that his initial counsel made, especially where his citizenship could not have affected the state court's jurisdiction over his complaint. Therefore, Defendants' request will be denied.

An Order consistent with this Opinion will be entered.


Dated: March 17, 2011                                    /s/ Gordon J. Quist
                                                         GORDON J. QUIST
                                                     UNITED STATES DISTRICT JUDGE